IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

JAN BRANSON, Individually as survival )
heir-at-law and as Special Administrator of )
the Estate, and JAMES OLIVA and )
BRADFORD OLIVA, Individually as )
survival heirs-at-law of MATTHEW C. )
OLIVA, deceased, )
　　　　　　　　　　　　　　　　　　　　　　　 )　　Case No.: **2:25-cv-02025-KHV-ADM**
　　　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　　　 )
v. )
　　　　　　　　　　　　　　　　　　　　　　　 )
BOARD OF COUNTY COMMISSIONERS )
SHAWNEE COUNTY, KANSAS etc. et al, )
　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　Defendants. /

## ARMOR HEALTH HOLDINGS, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)-(2)

Plaintiffs assert that they can properly maintain an action in Kansas for medical malpractice and violation of the decedent's civil rights against Armor Health Holdings, LLC ("Holdings") even though it conducts no business and is nothing more nor less than the passive owner of the equity in the company that actually provided medical services to the Decedent. Plaintiffs claim that they can do so because "Kansas law allows the forum contacts of Armor Health of Shawnee County to be imputed to Armor Health Holdings for the purposes of specific personal jurisdiction" and because "Plaintiffs have properly pled claims specific to Armor Health Holdings, based on its oversight, policies, and exclusive control of the other Armor defendants." (Doc. 35 Pp. 2 – 4.) Both propositions are wrong.

The first proposition misstates the law. The authority cited for that proposition is *Pro Axess, Inc. v. Orlux Distrib., Inc.,* 428 F.3d 1270, 1277 (10th Cir.2005). In *Pro Axess*, the out-of-state defendant was not a passive owner. It was engaged in the business of selling and

1

distributing sunglasses. *Id*. It solicited the plaintiff's services in Utah and "[b]y procuring such services from [plaintiff], which operates its business in Utah, it 'purposely availed itself of the privilege of conducting activities within the forum State.'" *Id*. Its subsidiary engaged in the same business and both corporate defendants solicited the plaintiff's business in Utah and both jointly worked the plaintiff's account. *Id*. at 1278. It is that factual background that led the Tenth Circuit to conclude that the corporate defendant's "conduct and connection with the forum State [were] such that [it] should reasonably anticipate being haled into court there." *Id*. at 1279.

In another decision, the Tenth Circuit itself did a much better job of explaining its holding in *Pro Axess. See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895 (10th Cir. 2017). There the court distinguished *Pro Axess* as follows:

> In *Pro Axess*, the out-of-state defendant, a sunglasses distributor, had contracted with the plaintiff, a forum state business, for the plaintiff's services in arranging for the manufacture and delivery of 28,000 frames. We found purposeful direction based on two factors. First, the defendant had sought to manufacture low-cost frames in Asia and "specifically sought out" the plaintiff for its "long-standing business relationships with many manufacturers" there. "While not conclusive, this solicitation is itself some evidence suggesting purposeful availment." *Id*. Second, the defendant and its subsidiary—which had conducted previous business dealings with the plaintiff—also "exchanged various direct communications with" the plaintiff. These communications included "numerous faxes, letters, and phone calls with [the plaintiff] about the order itself and the potential for modifications to the order." "Although phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts, such materials provide additional evidence that [the defendant] pursued a continuing business relationship with a [forum state] corporation."

*Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 912 (10th Cir. 2017) (citation and quotations omitted)(emphasis in original).

Passive ownership of a defendant who engages in business in Kansas is not enough. This is especially true because Holdings itself does not conduct any business in Kansas or anywhere else. This principle was explained by another court in this District as follows:

> Neither Navistar International Corporation nor Navistar, Inc. sells directly to citizens of Kansas. Navistar, Inc. sells its trucks, cab and chassis products and service parts

2

> through an exclusive network of dealers both within the state of Kansas and elsewhere. But Navistar International Corporation does not manufacture or sell goods of any kind. Rather, Navistar International Corporation is a holding company for Navistar, Inc. And it is a well-settled proposition that a "holding or parent company has a separate corporate existence from its subsidiary and is thus treated separately in the absence of circumstances justifying the disregard of the corporate entity."

*Freedom Transp., Inc. v. Navistar Int'l Corp.*, No. 2:18-CV-02602-JAR-KGG, 2019 U.S. Dist. LEXIS 165570, at *28-29 (D. Kan. Sep. 26, 2019) (quoting *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974)).

The "minimum contacts" standard requires, first, that the out-of-state defendant must have "purposefully directed" its activities at residents of the forum state, and second, that the plaintiff's injuries must "arise out of defendant's forum-related activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Holdings has no business activity in Kansas other than passive ownership of Armor of Shawnee County. Holdings itself has neither conducted any activities nor has it consummated any transaction in the State of Kansas. "The purposeful availment requirement serves two functions. First, it identifies acts that a defendant would reasonably expect to subject her to jurisdiction in the particular forum. Second, it ensures that only the **defendant's** acts directed at the forum establish jurisdiction. Random, fortuitous, or unilateral acts of other parties cannot be the basis for jurisdiction." *Kennedy v. Freeman*, 919 F.2d 126, 128-29 (10th Cir. 1990)(emphasis is in the original). Contrary to Plaintiffs' assertion, "the 'members must have the requisite minimum contacts with the forum state independently of the limited liability company.'" *Huffman v. Blue Compass RV, LLC*, No. 23-4091-JWB, 2024 U.S. Dist. LEXIS 100849, at *13 (D. Kan. June 6, 2024) quoting *Credit Sage LLC v. Credit Wellness LLC,* No. 1:23-CV-110-SWS, 2024 U.S. Dist. LEXIS 6124, 2024 WL 99474, at *17 (D. Wyo. Jan. 9, 2024).

Plaintiffs' second proposition is equally unavailing. Plaintiffs bear the burden of proving

3

that the District Court may exercise jurisdiction over Holdings. *E.g., OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). Plaintiffs' mere conclusory allegations that Holdings has minimum contacts solely because it owns Armor of Shawnee County are insufficient. *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 798 (10th Cir. 2002). Courts in this district have held that "it is a well-settled proposition that 'a holding or parent company has a separate corporate existence from its subsidiary and is thus treated separately in the absence of circumstances justifying the disregard of the corporate entity.'" *Freedom Transp., Inc. v. Navistar Int'l Corp.*, No. 2:18-CV-02602-JARKGG, 2019, 2019 U.S. Dist. LEXIS 165570, WL 4689604, at *12 (D. Kan. Sept. 26, 2019) (quoting *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974)). While Plaintiffs now attempt to allege what amounts to post judgment proceedings supplementary or in aid of execution (Doc. 35 Pp. 2 – 4), the sole allegation made against Holdings in the Complaint is that "Defendant Armor Health Holdings, LLC, also legally registered as Armor Health Management, LLC, also legally registered as Armor Health of Shawnee County, LLC, (hereinafter collectively referred to as "Defendant Armor") are Foreign For Profit Business Entities which conduct business within the State of Kansas, and all with a current mailing address of 4960 SW 72nd Avenue, Suite 400, Miami, Florida 33155." (Doc. 1 at ¶ 8).

Where, as here, a defendant challenges the factual basis of the complaint as to personal jurisdiction, the plaintiff has a duty to come forward with competent proof—such as affidavits or declarations—in support of the jurisdictional allegations of the complaint. *Dental Dynamics LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). Unsupported allegations will not do no matter how frenzied and bombastic.[1] The new allegations made in the Plaintiffs'

---

[1] Plaintiffs brazenly assert, with no supporting affidavits or relevant citations, that Holdings exercised "direct and continuous control over Armor Health of Shawnee County" and even controlled its "operations, set policies, and maintained oversight that are central to the claims of negligent medical care." Not only were no such theories raised

Response were never included in the Complaint itself and are, in any event, woefully insufficient to assert personal jurisdiction over Holdings or to state a claim. (Doc. 35 Pp. 2 – 4.) As held by another court in this District:

> Contrary to Plaintiff's belief, an "LLC's corporate liabilities in tort are solely those of the LLC and no member or manager may be liable solely based on their status as a member or manager." *Univ. of Kan. v. Sinks*, 565 F. Supp. 2d 1216, 1239 (D. Kan. 2008). Rather, Blue Compass can only be held liable for its own acts. The other basis for liability is if the court pierces the corporate veil and disregards the corporate form. *Id*. Plaintiff makes no attempt to allege that piercing the corporate veil is appropriate here. Therefore, Plaintiff's allegations must state a claim against Blue Compass as a separate entity from MHS.

*Huffman v. Blue Compass RV, LLC*, No. 23-4091-JWB, 2024 U.S. Dist. LEXIS 100849, at *14-15 (D. Kan. June 6, 2024).[2]

At the end of the day, all that Plaintiffs have now alleged is the unremarkable fact that Holdings owns a limited liability company that has entered into a contract to provide health care in Kansas.[3] There is nothing nefarious, improper or illegal in this, and Plaintiffs fail to link any action or inaction by Holdings to the Decedent's death. To establish standing, there must

---

or referenced in the Complaint, but they are contradicted by Plaintiff's own citations to the Assignee's unverified Motion. Plaintiffs persistently point to paragraphs 6, 25, and 29 of that Motion, but the Assignee merely stated that Armor Health Management, LLC—*not Holdings*—previously provided "non-medical administrative and back-office services for certain affiliates," (Pl.'s Resp., Ex. A at ¶ 6), and that "Holdings was formed . . . *to function as a holding company* . . ." *Id*. at ¶ 25. There is no basis to suggest that Holdings is anything more than a passive holding company, and certainly no reason to think it sets or oversees medical policies and procedures. As to its contention that Armor of Shawnee County "lacks its own infrastructure" and policies, (Pl.'s Resp. at ¶ 9), Plaintiff's Response is devoid of any competent supporting evidence at all.

[2] Power to pierce the corporate veil is to be exercised reluctantly and cautiously. *Amoco Chemicals Corporation v. Bach*, 222 Kan. 589, 593, 567 P.2d 1337 (1977). Plaintiffs' hyperbolic attacks are not a substitute for the allegations required including: "(1) undercapitalization of a one-man corporation, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) siphoning of corporate funds by the dominant stockholder, (5) nonfunctioning of other officers or directors, (6) absence of corporate records, (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders, and (8) the use of the corporate entity in promoting injustice or fraud." *Kvassay v. Murray*, 15 Kan. App. 2d 426, 437, 808 P.2d 896, 904 (1991).

[3] That is all that the exhibits attached to the Response show. However, Plaintiffs add their own spin to make it seem as if something untoward has been accomplished by Holdings by availing itself of Florida's assignment for the benefit of creditors law. Should the District Court take juridical notice of the exhibits on its own, even though Plaintiffs have not made such a request, it should be noted that Exhibit A is an unverified **motion**, setting out a party's claims while acknowledging that the claims were disputed (Doc. 35 Ex. A at ¶32) and then amicably settled (*Id*. at ¶34.) Further, in taking judicial notice of the exhibits, the Court should only consider them to show their contents and not to prove the matters asserted in them. *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

be . . . a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.,* 528 U.S. 167, 185 (2000).

## CONCLUSION

For the foregoing reasons, Holdings requests that the Court dismiss Plaintiffs' action against it for lack of personal and subject matter jurisdiction. If the Court determines it may properly exercise jurisdiction over Holdings and the dispute—Holdings requests that the Court dismiss Plaintiffs' action for their patent failure to state a claim against it.

NORTON, WASSERMAN, JONES & KELLY, L.L.C.
213 S. Santa Fe
P.O. Box 2388
Salina, Kansas  67402-2388
(785) 827-3646
Fax: (785) 827-0538
E-mail: nrk@nwjklaw.com


By: / s/Norman R. Kelly
Norman R. Kelly
SC #10639
Attorneys for Armor Defendants


## CERTIFICATE OF SERVICE

On April 25, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record: Thomas J. Preuss, MO #54923 Shawn G. Foster, MO #47663 PREUSS | FOSTER, 11141 Overbrook Road, Suite 104 Leawood, KS 66211, tjpreuss@pflaw.com | sfoster@pflaw.com **Attorneys for Plaintiffs;** David R. Cooper #16690, Charles E. Branson #17376, Katherine E. Sittenauer #29903, Fisher, Patterson, Sayler & Smith, LLP, 3550 SW 5th Street | Topeka,

6

Kansas 66606, dcooper@fpsslaw.com | cbranson@fpsslaw.com | ksittenauer@fpsslaw.com,

**Attorneys for Defendants Board of County Commissioners of Shawnee County, Heather Willier, and Shannon Addington.**

NORTON, WASSERMAN, JONES & KELLY, L.L.C.
213 S. Santa Fe
P.O. Box 2388
Salina, Kansas  67402-2388
(785) 827-3646
Fax: (785) 827-0538
E-mail: nrk@nwjklaw.com

By: / s/Norman R. Kelly
Norman R. Kelly
SC #10639
Attorneys for Armor Defendants