IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAN BRANSON, Individually as survival heir-at-law and as Special Administrator of the Estate, et al., )<br>)<br>)<br>)<br>Plaintiffs,  )<br>v.  )<br>)<br>BOARD OF COUNTY COMMISSIONERS,  )<br>SHAWNEE COUNTY, KANSAS d/b/a  )<br>SHAWNEE COUNTY ADULT DETENTION  )<br>CENTER, et al.,  )<br>)<br>Defendants.  )<br>_____) | CIVIL ACTION<br><br>No. 25-2025-KHV |

**MEMORANDUM AND ORDER**

On January 17, 2025, the survivors of Matthew C. Olivia, who was detained at the Shawnee County Kansas Adult Detention Center, and the special administrator of his estate, filed suit under 42 U.S.C. § 1983. They seek to recover money damages for violation of Mr. Olivia's rights under the Eighth and Fourteenth Amendments of the United States Constitution and negligence under state law. Specifically, plaintiffs allege that various entities and individuals associated with the detention center were deliberately indifferent to Mr. Olivia's serious medical needs and failed to provide adequate medical care and treatment. This matter is before the Court on Armor Health Holdings, LLC's Motion To Dismiss Action Pursuant To Federal Rule Of Civil Procedure 12(b) (Doc. #29) filed March 21, 2025. For reasons stated below, the Court sustains defendant's motion but grants plaintiffs leave to file a motion to amend their complaint.

**Legal Standards**

Rule 12(b)(2), Fed. R. Civ. P., governs motions to dismiss for lack of personal jurisdiction. Plaintiffs bear the burden of establishing a prima facie showing of personal jurisdiction.

XMission, L.C. v. PureHealth Rsch., 105 F.4th 1300, 1314 (10th Cir. 2024). At the motion to dismiss stage, plaintiffs' burden to establish personal jurisdiction is light. Id. Plaintiffs may defeat a motion to dismiss by presenting evidence—either uncontested allegations in their complaint or evidence in the form of an affidavit or declaration—that if true would support jurisdiction over defendant. Eighteen Seventy, LP v. Jayson, 32 F.4th 956, 965 (10th Cir. 2022). In determining whether plaintiffs have satisfied their burden, the Court takes as true all plausible, nonconclusory facts alleged in the complaint and must resolve any factual disputes in favor of plaintiffs. XMission, 105 F. 4th at 1307.

## Factual Background

### I. Plaintiffs' Complaint

Highly summarized, plaintiffs' Complaint (Doc. #1) filed January 17, 2025, alleges as follows:

Armor Health Holdings, LLC ("AHH") is "legally registered" as Armor Health Management, LLC and Armor Health of Shawnee County, LLC. The three Armor defendants contracted with Shawnee County to provide necessary healthcare services to detainees at the Shawnee County Adult Detention Center ("Shawnee County ADC").

On October 22, 2023, in Topeka, Kansas, officers arrested Matthew Olivia who was suffering from an acute mental health crisis, and officers transported him to the Shawnee County ADC. Mr. Olivia died because AHH and others failed to provide appropriate medical and mental health care.

### II. Declaration Of Otto Campo

AHH has submitted the affidavit of Otto Campo, the Chief Executive Officer of AHH. See Declaration Of Otto Campo In Support Of Armor Health Holdings, LLC's Motion To Dismiss

(Doc. #32-1) filed March 21, 2025.  Mr. Campo states as follows:

AHH is a limited liability company which is incorporated in Florida.  AHH is not registered in Kansas or elsewhere as Armor Health Management, LLC or Armor Health of Shawnee County, LLC.  AHH is a holding company and owns Armor Health of Shawnee County, which was the only Armor entity that contracted with Shawnee County to provide healthcare services.  AHH has no offices, employees or agents in Kansas and has never engaged in business activity in Kansas.

### III.  Procedural Background

On January 17, 2025, the survivors of Mr. Olivia and the special administrator of his estate filed suit under 42 U.S.C. § 1983.  As to the three Armor defendants, plaintiffs allege that they were deliberately indifferent to Mr. Olivia's serious medical needs and negligently failed to provide adequate medical care and treatment.

### Analysis

AHH asserts that this Court must dismiss plaintiffs' claims for lack of personal jurisdiction.[1]  Specifically, AHH argues that plaintiffs have not alleged that it has sufficient contacts with Kansas to establish that this Court has personal jurisdiction.  Plaintiffs argue that based on AHH's control of its subsidiary, Armor Health of Shawnee County, the Court has personal jurisdiction over AHH.

For the Court to exercise personal jurisdiction, plaintiffs must show that personal jurisdiction is proper under the laws of the forum state and that doing so comports with the due process requirements of the United States Constitution.  See Newsome v. Gallacher, 722 F.3d 1257, 1264 (10th Cir. 2013).  The Kansas long-arm statute permits the exercise of any jurisdiction

---

[1] AHH also seeks to dismiss plaintiffs' complaint for lack of standing under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Because plaintiffs' complaint does not sufficiently allege personal jurisdiction over AHH, the Court need not reach the issue of standing.

that is consistent with the United States Constitution. See Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1304–05 (10th Cir. 1994); see also K.S.A. § 60-308(b)(1)(L). Accordingly, the Court need not conduct a separate personal jurisdiction analysis under Kansas law and may proceed directly to the due process inquiry. See Niemi v. Lasshofer, 770 F.3d 1331, 1348 (10th Cir. 2014) (where long-arm statute confers maximum jurisdiction consistent with Due Process Clause, statutory inquiry effectively collapses into constitutional analysis). The due process analysis requires the Court to determine (1) whether AHH has "minimum contacts" with the forum state such that it should "reasonably anticipate being haled into court there," World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980), and (2) if AHH's actions establish minimum contacts, whether the exercise of personal jurisdiction "offends traditional notions of fair play and substantial justice." Asahi Metal Indus. Co. v. Super. Ct., 480 U.S. 102, 113 (1987).

Here, AHH argues that plaintiffs have not established that it had minimum contacts with Kansas. To satisfy the minimum contacts standard, plaintiffs can establish that the Court has either (1) specific jurisdiction or (2) general jurisdiction. See XMission, 105 F.4th at 1308. Plaintiffs assert only that the Court has specific jurisdiction over AHH. The Court has specific jurisdiction if AHH "purposely directed" its activities at residents of the forum state, and plaintiffs' alleged injuries "arise out of" those forum-related activities. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1071 (10th Cir. 2008). The aim of the "purposeful direction" doctrine is to ensure that defendants are not bound to appear to account for merely "random, fortuitous, or attenuated contacts" with the forum state. Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

As best the Court can ascertain, plaintiffs argue that their allegations establish a prima facie

case for personal jurisdiction because Armor Health of Shawnee County acted either as AHH's agent or its alter ego. Plaintiffs' complaint includes a single allegation which potentially supports these theories of liability, i.e. AHH is "legally registered as Armor Health Management, LLC and Armor Health of Shawnee County, LLC." Complaint (Doc. #1), ¶ 8. Even so, plaintiffs do not dispute or offer evidence to controvert Campo's declaration which states that AHH is not registered in Kansas or elsewhere as Armor Health Management, LLC or Armor Health of Shawnee County, LLC. Plaintiffs' Memorandum In Opposition To Defendant Armor Health Holdings' Motion To Dismiss (Doc. #35) filed April 11, 2025 at 2 (citing Declaration Of Otto Campo (Doc. #32-1), ¶ 3); see Pytlik v. Prof'l Res., Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989) (if defendant challenges jurisdictional allegations, plaintiff must support allegations with competent proof). Likewise, plaintiffs do not dispute that AHH is a holding company and owns Armor Health of Shawnee County, which was the entity that contracted with Shawnee County. In sum, plaintiffs have not alleged facts which would establish that Mr. Olivia's death arose out of AHH's forum-related activities. Dudnikov, 514 F.3d at 1071. Under Rule 12(b)(2), Fed. R. Civ. P., the Court therefore sustains AHH's motion to dismiss plaintiffs' claims against it for lack of personal jurisdiction.

In response to AHH's motion to dismiss, plaintiffs assert facts which could potentially support the exercise of personal jurisdiction over AHH under the theory that Armor Health of Shawnee County acted as either the agent or alter ego of AHH.[2] Because plaintiffs have not

---

[2] Plaintiffs argue that (1) in 2021, AHH and its affiliates re-designed their corporate structures so that AHH was the parent company to dozens of subsidiaries including Armor Health of Shawnee County; (2) AHH used this new corporate structure to insulate itself from direct liability which could arise from claims against its subsidiaries; (3) Armor Health of Shawnee County and the other subsidiaries lack any independent operational identity; (4) AHH controls hiring, operational policies and administration of Armor Health of Shawnee County and the other
(continued. . .)

included these factual assertions in their complaint, the Court does not consider them at this stage. Plaintiffs' opposition to AHH's motion sets forth facts which could potentially support the exercise of personal jurisdiction over AHH, so the Court in part grants plaintiffs' request for leave to amend their complaint.  On or before July 14, 2025, plaintiffs may file a motion for leave to file an amended complaint which sets forth allegations related to the Court's exercise of personal jurisdiction over AHH.[3]

**IT IS THEREFORE ORDERED** that Armor Health Holdings, LLC's Motion To Dismiss Action Pursuant To Federal Rule Of Civil Procedure 12(b) (Doc. #29) filed March 21, 2025 is **SUSTAINED.  On or before July 14, 2025, plaintiffs may file a motion for leave to file an amended complaint which sets forth allegations related to the Court's exercise of personal jurisdiction over Armor Health Holdings, LLC.**

Dated this 27th day of June, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2](. . . continued) subsidiaries; (5) AHH created and structured Armor Health of Shawnee County as a wholly owned subsidiary for the express purpose of contracting with Shawnee County to provide medical services within Kansas; (6) plaintiffs' injuries arose from the business relationship AHH formed and profited from in Kansas; and (7) on February 27, 2025, a court approved the sale of Armor Health Management's assets to Enhanced Management Services, which is owned and operated by Dr. Jose Armas, who also owns AHH.  Plaintiffs' Memorandum In Opposition To Defendant Armor Health Holdings' Motion To Dismiss (Doc. #35) at 2–11.

[3] Plaintiffs also seek leave to conduct limited discovery on the issue of personal jurisdiction over AHH.  As noted above, the Court sustains AHH's motion to dismiss because the complaint lacks factual allegations which would establish personal jurisdiction over AHH.  Based on the numerous factual allegations in plaintiffs' opposition to AHH's motion, plaintiffs have not shown that they need discovery before they seek to amend their complaint.  The Court therefore overrules plaintiffs' request to take limited discovery.