IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAN BRANSON, individually as survival heir-at-law and as Special Administrator of the Estate of Matthew Oliva, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS, SHAWNEE COUNTY, KANSAS, d/b/a Shawnee County Adult Detention Center, et al.,<br><br>Defendants. | Case No. 25-2025-KHV-ADM |

## ORDER

On November 17, 2023, Matthew Oliva died while in the custody of the Shawnee County, Kansas, Adult Detention Center ("ADC"). Mr. Oliva's heirs and the administrator of his estate ("plaintiffs") bring this lawsuit under 42 U.S.C. § 1983, alleging that defendants—various entities and individuals associated with ADC—were deliberately indifferent to Mr. Oliva's serious medical needs and failed to provide adequate medical care and treatment. This matter is now before the court on The Armor Defendants' Motion for Extension of Time to Respond to Plaintiff's [sic] Amended Complaint (ECF 124) and the Motion to Extend Deadline to Respond to Complaint (ECF 166). For the reasons explained further below, the court denies the first motion and grants in part and denies in part the second motion. Ultimately, the court sets a universal deadline of **September 26, 2025**, for pleadings (but not Rule 12(b) motions) in response to the amended complaint.

1

I.     BACKGROUND

On January 17, 2025, plaintiffs filed this action against two sets of defendants. First, plaintiffs name the Board of County Commissioners, Shawnee County, Kansas (the Kansas municipality operating the ADC) ("Shawnee County"); Heather Willier, the Shawnee County health liaison to the ADC; and Shannon Addington, a Shawnee County sergeant (together, the "County Defendants"). Second, plaintiffs name private companies that contracted with Shawnee County to provide healthcare services to ADC detainees, as well as the companies' employees. This second set of defendants include: Armor Health of Shawnee County, LLC; Armor Health Management, LLC; Armor Health Holdings, LLC; Armor Correctional Healthcare Holdings, Inc.; Enhanced Management Services, LLC; Otto Campo, the President, Manager and CEO of the aforementioned Armor entities; Jose Armas, the owner of the aforementioned Armor entities and Enhanced Management Services, LLC; Mariana Mack, a psychiatrist at the ADC; Maggie Moore, the health services administrator at the ADC; Emily Foster, the behavioral health director at the ADC; Heidi White, Kimberly Claflin, Dawn Siler, and Samantha Ritchie, nurses at the ADC; Cassandra Gumbel, Psych Tech at the ADC; and Cami Cocke, behavioral health provider at the ADC (together, the "Armor Defendants").

On March 21, 2025, Armor Health Holdings, LLC, filed a motion to dismiss for lack of personal jurisdiction. (ECF 29.) On June 27, the presiding U.S. District Judge, Kathryn H. Vratil, sustained the motion to dismiss, but granted plaintiffs leave to file a motion to amend their complaint. (ECF 69.) Plaintiffs filed the motion, which the court granted on July 31. (ECF 95.) During a discovery conference later that same day, Armor Health of Shawnee County, LLC told the court that it planned to file a motion to dismiss on personal jurisdiction grounds in response to the anticipated amended complaint. (ECF 97.) Plaintiffs filed the amended complaint on August

1. (ECF 99.) The County Defendants filed their answer to the amended complaint on August 25. (ECF 118.) Plaintiffs and the Armor Defendants agreed that newly named defendants would waive service of process and that the Armor Defendants' unified response deadline was September 3, 2025. (*See* ECF 124, at 1-2.)

On August 28, counsel for the Armor Defendants, Francesco A. Zincone and Norman Kelly, filed a motion to withdraw their appearances for Maggie Moore, the former health services administrator at the ADC. (ECF 122.) The motion stated that in the course of preparing for Moore's deposition scheduled for August 28, "certain unwaivable conflicts of interest have become apparent between Ms. Moore and Armor Health of Shawnee County, LLC." (*Id.* at 1.) The motion requested a 21-day stay of deadlines as to Moore to give her an opportunity to retain new counsel. The court granted the portion of the motion seeking the stay (ECF 123) and, when new counsel eventually entered an appearance for Moore, deemed moot the portion of the motion seeking an order allowing Zincone and Kelly to withdraw (ECF 163).

On September 2, the Armor Defendants filed the present motion for extension of time to respond to the amended complaint. (ECF 124.) The motion acknowledged that the response deadline was September 3—the very next day—and sought a filing extension to September 10. The Armor Defendants asserted that since counsel filed their motion to withdraw from representing Moore on August 28, "it has become evident that [counsel] are precluded from continuing their appearance in this matter" and that counsel would file a motion to withdraw on behalf of all the Armor Defendants. (*Id.* at 2-3.) On September 3, Zincone and Kelly filed their global motion to withdraw from the case. (ECF 125.) Zincone and Kelly stated that, after identifying the conflict between Moore and Armor Health of Shawnee County, LLC, and "upon further review," they had "determined that they are precluded from continuing their representation in this matter." (*Id.* at

3

2.) The motion noted that, "pursuant to the applicable insurance policy," Armor Health of Shawnee County, LLC, is furnishing a defense for each of the Armor Defendants. (*Id.*) Finally, the motion requested a 30-day stay of the proceedings while the Armor Defendants worked to secure new counsel.

The court convened a conference on September 4 to hear oral argument on the motion for extension of time and motion to withdraw. (ECF 128.) Given the arguments presented, the court stated that it would "await responses to the motions before ruling them in due course." (*Id.*) Despite this directive that the motion for extension of time to respond to the amended complaint remained pending, plaintiffs made the confusing move to file an application for clerks' entry of default as to defendants Armor Health of Shawnee County, LLC; Armor Health Management, LLC; Armor Health Holdings, LLC; Armor Correctional Healthcare Holdings, Inc.; Enhanced Management Services, LLC; Otto Campo; and Jose Armas. (ECF 162.)

New counsel began entering their appearances for separate Armor Defendants on September 12. (ECF 140-41, 153-54, 160.) On September 15, the court observed "that many defendants have recently retained new counsel (and the status of representation as to other defendants remains in flux), and new counsel needs on opportunity to get up to speed on this case," so the court granted in part the 30-day-stay request in the global motion to withdraw. (ECF 164.) Specifically, the court vacated depositions noticed for September and ordered the parties to file a joint motion to amend the scheduling order by September 30. (*Id.*)

On September 16, defendants Armor Health Holdings, LLC; Armor Health of Shawnee County, LLC; Armor Correctional Health Holdings, Inc.; Enhanced Management Services, LLC; Otto Campo; and Jose Armas; by their new counsel, filed the present motion to extend the deadline to respond to the amended complaint. (ECF 166.)

4

II. **ARMOR DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT (ECF 124)**

As noted above, the Armor Defendants' deadline to respond to the amended complaint was September 3. The Armor Defendants filed their motion to extend this deadline on September 2. The motion is untimely under D. KAN. RULE 6.1(a). That rule states, "All motions for an extension of time to perform an act required or allowed to be done within a specified time must be filed as soon as practicable and in no event less than 3 days before the specified time."

Although there may be cases in which the court might be persuaded that good cause exists to look past the missed 3-day deadline, the court will not do so here where the movants' actions suggest they very well may be attempting to delay the progress of this case or, at a minimum, they unreasonably delayed in ascertaining potential ethical concerns with Zincone and Kelly's joint representation of the many Armor Defendants. The court is troubled that gamesmanship may be afoot. Had Zincone and Kelly been diligent in their representation of all of those defendants, the court finds it highly unlikely that they would not have been aware of the potential conflicts of interest among various Armor Defendants—if not at the start of this case,[1] then shortly after when they should have begun collecting, reviewing, and producing their clients' documents and interviewing witnesses. For example, new counsel for the Armor corporate defendants recently produced to plaintiffs a letter dated April 30, 2025—nearly 4 months before Zincone and Kelly purport to have begun discovering that ethical concerns prohibited a single set of lawyers from jointly representing all of the Armor defendants. In the letter, defendant Marina Mack expresses her concern over a pattern at ADC of "poor clinical judgment, delayed or inappropriate decision-

---

[1] Shawnee County's response to Zincone and Kelly's global motion to withdraw from the case sets out six illustrations of "concurrent conflicts of interest" that could (and should) have been known to defense counsel from the start of this case. (ECF 139, at 3- 7.)

making (particularly with mental health patients)" that was "allowed to persist without formal intervention." (ECF 168-3.) In another correspondence dated May 23, 2025, defendant Maggie Moore discussed being asked to "falsify and forge multiple documents" during her work as Armor's health services administrator at the ADC. (ECF 168-4.) Both of these documents suggest that individual Armor defendants likely hold positions adverse to those of the corporate Armor defendants. Moreover, Moore entered into a severance agreement with Armor Health of Shawnee County, LLC on July 3, 2025. At the very least, Moore's separation from a corporate Armor defendant should have prompted counsel to inquire whether there was a conflict of interest that would have prohibited counsel from representing both. Incredibly, however, Zincone and Kelly state that they did not learn of "certain unwaivable conflicts of interest . . . between Ms. Moore and Armor Health of Shawnee County, LLC" until the eve of Moore's scheduled August 28 deposition, nor of conflicts with other defendants until shortly thereafter.

Ultimately, the origins of Zincone and Kelly's initial representation of *all* Armor corporate and individual defendants may stem from the single insurance policy applicable to plaintiffs' claims against the Armor Defendants. Apparently, that policy has a $3,000,000 "self-insured retention," meaning the first $3,000,000 of coverage for claims in this case must be satisfied by the assets of Armor Health Holdings, LLC and Armor Health of Shawnee County, LLC. (*See* ECF 139, at 4.) Because the Armor Defendants have suggested that these two entities do not have the assets to cover that self-insured retention, the availability of separate insurance coverage for the individual Armor defendants appears unlikely.

Finally, plaintiffs suggest that this case is not the first time that this type of conflict of interest has occurred on the watch of counsel for the Armor Defendants. (*See* ECF 135, at 1-2.) The court takes this into consideration as well.

In sum, after reviewing the record, it appears that the Armor Defendants turned a blind eye to potential problems with counsel's joint representation until the eleventh hour.  Because of this, the court sees no valid basis upon which it could find that the Armor defendants were diligent in filing the instant motion.  To the contrary, it appears to reflect yet another step in their continued pattern of delays.  The court therefore finds no good cause to extend Rule 6.1's 3-day deadline. The Armor Defendants' motion for extension of time to respond to the amended complaint (ECF 124) is denied.

### III.    SUBSET OF ARMOR DEFENDANTS' MOTION TO EXTEND DEADLINE TO RESPOND TO COMPLAINT (ECF 166)

On September 12, new counsel entered their appearances for a subset of the Armor Defendants: Armor Health Holdings, LLC; Armor Health of Shawnee County, LLC; Armor Correctional Health Holdings, Inc.; Enhanced Management Services, LLC; Otto Campo; and Jose Armas (together, the "Armor Corporate Defendants").  (ECF 140-41.)  Four days later, new counsel filed the present motion to extend the Armor Corporate Defendants' deadline to respond to the amended complaint to September 26, 2025.  (ECF 166.)  As explained above, the court finds that the Armor Defendants—which include the Armor Corporate Defendants—have not shown good cause to extend the deadline by which they could move for an extension of their response deadline.

Nonetheless, the court recognizes the well-established policy of resolving cases on their merits, rather than dismissing them on procedural grounds.  *See, e.g., In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citing cases).  For that reason, the court will grant the motion in part. Specifically, the court extends the deadline for the Armor Corporate Defendants to *plead* in response to the amended complaint to **September 26, 2025**.  The court limits this extension to the

filing of an answer and does not extend it to the filing of any motion pursuant to Federal Rule of Civil Procedure 12(b).

The court makes this distinction in part because, as mentioned above, during a conference with the court on July 31, Armor Health of Shawnee County, LLC stated that it intended to file a motion to dismiss on personal jurisdiction grounds and a request to stay discovery while that motion is resolved. (ECF 97.) To the extent any of the Armor Defendants wished to challenge personal jurisdiction, they could have and should have done so before the September 3 deadline. Indeed, Judge Vratil recognized in her June 27 memorandum and order that one or more of the Armor Corporate Defendants might have legitimate defenses to personal jurisdiction. To the extent the Armor Defendants were aware of their personal-jurisdiction defenses, they apparently chose not to timely assert those defenses nor (as discussed above) to properly request an extension of their September 3 deadline to file a Rule 12(b) motion in response to the amended complaint. Given the Armor Defendants' delay in raising these issues beyond their deadline to plead or otherwise respond to the amended complaint, the court deems those defenses waived. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992) (recognizing that a defendant may waive a personal-jurisdiction defense).

In summary, the Armor Corporate Defendants' motion to extend the deadline to respond to the amended complaint is granted only to the extent that they may file an answer to the amended complaint by September 26, 2025. Defendants may not file a Rule 12(b) motion as a back-door attempt to delay the progress and resolution of this case.

## IV.   STEPS FORWARD

Individual Armor Defendants have begun retaining new counsel. To avoid a flurry of motions to extend the answer deadlines for these defendants as their new counsel appears, the court

sua sponte extends the deadline to **September 26, 2025**, for *all* of the Armor Defendants to file an answer to the amended complaint. But again, the court deems all Armor Defendants to have waived the right to file any Rule 12(b) motion to dismiss for the reasons set forth above.

The court directs the Clerk to deny plaintiffs' application for clerk's entry of default as to the Armor Corporate Defendants. (ECF 162.) As discussed above, the application was premature given those defendants' pending motion for an extension of the answer deadline. In any event, those defendants have demonstrated a willingness and ability to participate in this case, which makes the entry of default unwarranted.

The time has come for the Armor Defendants to stop delaying the litigation of this case. The court intends to do everything in its power to continue to effectuate Fed. R. Civ. P. 1's directive to "secure the just, speedy, and inexpensive determination" of this action.

**IT IS THEREFORE ORDERED** that the Armor Defendants' Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (ECF 124) is denied.

**IT IS FURTHER ORDERED** that the Motion to Extend Deadline to Respond to Complaint (ECF 166) is granted in part and denied in part, as set forth above.

**IT IS FURTHER ORDERED** that the new deadline for all Armor Defendants to answer the amended complaint is **September 26, 2025**. The Clerk should deny plaintiffs' pending application for entry of default.

Dated September 17, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
