IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

JAN BRANSON, Individually as survival   )
Heir-at-law and as Special Administrator of   )
the Estate, et al.   )
  )    Case No.: 2:25-CV-02025
          Plaintiffs,   )
  )
v.   )
  )
BOARD OF COUNTY COMMISSIONERS   )
SHAWNEE COUNTY, KANSAS d/b/a   )
SHAWNEE COUNTY ADULT DETENTION   )
CENTER, et al.   )
  )
          Defendants.   )

**ARMOR HEALTH HOLDINGS, LLC, ARMOR HEALTH OF SHAWNEE COUNTY, LLC, ARMOR CORRECTIONAL HEALTH HOLDINGS, INC.,  ENHANCED MANAGEMENT SERVICES, LLC, OTTO CAMPO, AND JOSE ARMAS'S <u>ANSWER TO AMENDED COMPLAINT</u>**

Defendants Armor Health Holdings, LLC, Armor Health of Shawnee County, LLC, Armor Correctional Health Holdings, Inc., Enhanced Management Services, LLC, Otto Campo, and Jose Armas ("the Armor Defendants") hereby answer the Amended Complaint (ECF No. 99) and state:

**<u>PARTIES</u>**

1.     Without knowledge of these allegations and they are therefore denied.

2.     Admitted.

3.     Admitted.

4.     Denied as a legal conclusion.

5.     Denied as a legal conclusion.

6.     First sentence admitted. Second sentence denied; Defendant Armor Health of Shawnee County, LLC is the only Defendant who has entered into a contract with the Shawnee County ADC.

7.     Admitted.

8.     Admitted.

9.     Admitted that the Operating Agreement speaks for itself, otherwise denied.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Denied as a legal conclusion.

17.     Admitted.

18.     Denied as to second sentence, otherwise admitted.

19.     Denied, Armor Health Management, LLC is no longer an operating business.

20.     Denied. Defendant Armor Health of Shawnee County, LLC is the only Defendant who has entered into a contract with the Shawnee County ADC.

21.     Denied. Defendant Armor Health of Shawnee County, LLC is the only Defendant who has entered into a contract with the Shawnee County ADC.

22.     Denied. Defendant Armor Health of Shawnee County, LLC is the only Defendant who has entered into a contract with the Shawnee County ADC.

23.     Denied. Defendant Armor Health of Shawnee County, LLC is the only Defendant who has entered into a contract with the Shawnee County ADC.

24.     Denied. Defendant Armor Health of Shawnee County, LLC is the only Defendant who has entered into a contract with the Shawnee County ADC.

25.     Admitted as to the events that took place described in this paragraph. Denied as to allegation that restructuring was "drastic" or a cause of said events.

26.     Admitted.

27.     Denied; "day-to-day operations" is not defined in the Amended Complaint and requires speculation as to its meaning.

28.     Admitted that the Armor Defendants' financial documents speak for themselves, otherwise denied.

29.     Denied.

30.     Admitted.

31.     Admitted.

32.     Admitted that Enhanced Management Services, LLC ("EMS") was organized on August 29, 2023, and one of its managers is Manuel Fernandez; otherwise denied.

33.     Admitted.

34.     Admitted that the Petition was filed on October 11, 2023, otherwise denied. The Petition would be the best evidence of the claims asserted.

35.     Admitted.

36.     Denied.

37.     Defendants can neither admit nor deny the allegations in Paragraph 37 as they are vague, ambiguous..

38.    Admitted that the Court said that statement; otherwise denied.

39.    Admitted that Daniel Stermer made those allegations; otherwise denied.

40.    Admitted.

41.    Denied to the extent the second sentence requires a legal conclusion. Otherwise admitted.

42.    Denied.

43.    Denied.

44.    Admitted that Pepe Armas owns EMS and that Manny Fernandez is the manager of EMS, otherwise denied.

45.    Admitted.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Admitted.

50.    Admitted.

51.    Denied.

52.    Admitted that the Armor Defendants' financial documents speak for themselves, otherwise denied.

53.    Denied.

54.    Admitted.

55.    Admitted.

56.    Admitted that the corporate structure of the Armor Defendants speak for themselves, otherwise denied.

57.    Admitted.

58.    Denied.

59.    Admitted that the Armor Defendants' financial documents speak for themselves, otherwise denied.

60.    Denied.

61.    Admitted except to the extent that Armor Health Management, LLC is a defunct non-operating entity.

62.    Admitted except to the extent that Armor Health Management, LLC is a defunct non-operating entity.

63.    Admitted.

64.    Denied as phrased, including footnote

65.    Denied.

66.    Denied.

67.    Denied based on Armas's actual ownership of top-level and second-level entities.

68.    Denied based on Armas's actual ownership of top-level and second-level entities.

69.    Denied as phrased. The financial documents speak for themselves.

70.    Denied.

71.    Denied.

72.    Admitted that Dr. Mack is a licensed psychiatrist.

73.    Admitted that Dr. Mack was a psychiatrist at the Shawnee County Adult Detention Center, otherwise denied.

74.    Admitted, Dr. Mack was an independent contractor.

75.    Admitted.

76.   Admitted.

77.   Admitted.

78.   Denied as a legal conclusion.

79.   Admitted that Willier was the Health Services Liaison with the Shawnee County ADC, otherwise denied.

80.   Denied.

81.   Denied.

82.   Denied as a legal conclusion.

83.   Admitted that Moore was the Health Services Liaison for Armor Health of Shawnee County, otherwise denied.

84.   Denied.

85.   Denied.

86.   Denied as a legal conclusion.

87.   Admitted that Foster was the Behavioral Health Director for Defendant Armor Health of Shawnee County, otherwise denied.

88.   Admitted that Foster participated in the care of the Decedent, otherwise denied.

89.   Denied.

90.   Denied as a legal conclusion.

91.   Admitted that White was a registered nurse for Defendant Armor Health of Shawnee County, LLC, otherwise denied.

92.   Admitted that White was a registered nurse for Defendant Armor Health of Shawnee County, LLC and participated in the care of the Decedent, otherwise denied.

93.     Admitted that Claflin was a registered nurse for Defendant Armor Health of Shawnee County, LLC, otherwise denied.

94.     Admitted that Claflin was a registered nurse for Defendant Armor Health of Shawnee County, LLC and participated in the care of the Decedent, otherwise denied.

95.     Admitted that Claflin was a registered nurse for Defendant Armor Health of Shawnee County, LLC, otherwise denied.

96.     Admitted that Siler was a registered nurse for Defendant Armor Health of Shawnee County, LLC, otherwise denied.

97.     Admitted that Siler was a registered nurse for Defendant Armor Health of Shawnee County, LLC and participated in the care of the Decedent, otherwise denied.

98.     Admitted that Siler was a registered nurse for Defendant Armor Health of Shawnee County, LLC, otherwise denied.

99.     Admitted that Gumbel was a psychiatric technician for Defendant Armor Health of Shawnee County, LLC, otherwise denied.

100.     Admitted that Gumbel was a psychiatric technician for Defendant Armor Health of Shawnee County, LLC and participated in the care of the Decedent, otherwise denied.

101.     Admitted that Cocke was a Licensed Clinical Professional Counselor for Defendant Armor Health of Shawnee County, LLC, otherwise denied.

102.     Admitted that Cocke was a Licensed Clinical Professional Counselor for Defendant Armor Health of Shawnee County, LLC and participated in the care of the Decedent, otherwise denied.

103.     Admitted that Cocke was a Licensed Clinical Professional Counselor for Defendant Armor Health of Shawnee County, LLC, otherwise denied.

104.    Admitted that Ritchie was a registered nurse for Defendant Armor Health of Shawnee County, LLC, otherwise denied.

105.    Admitted that Ritchie was a registered nurse for Defendant Armor Health of Shawnee County, LLC and participated in the care of the Decedent, otherwise denied.

106.    Without knowledge of these allegations and are therefore denied.

107.    Without knowledge of these allegations and are therefore denied.

108.    Without knowledge of these allegations and are therefore denied.

109.    Defendant Armor Health of Shawnee County, LLC is the only Defendant who has entered into a contract with the Shawnee County ADC, and its employees who participated in the care of the Decedent were, in that regard, acting within the course and scope of their employment, otherwise denied.

## SUBJECT MATTER JURISDICTION

110.    Admitted.

## PERSONAL JURISDICTION

111.    Denied as a legal conclusion.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied. Defendant Armor Health of Shawnee County, LLC is the only Defendant who has entered into a contract with the Shawnee County ADC.

121.    Admitted that the proposal speaks for itself, otherwise denied.

122.    Admitted that the proposal speaks for itself, otherwise denied.

123.    Admitted that the proposal speaks for itself, otherwise denied.

124.    Admitted that the proposal speaks for itself, otherwise denied.

125.    Denied. Defendant Armor Health of Shawnee County, LLC is the only Defendant who has entered into a contract with the Shawnee County ADC.

126.    Denied. Defendant Armor Health of Shawnee County, LLC is the only Defendant who has entered into a contract with the Shawnee County ADC.

127.    Admitted that the individuals cited hold those positions, otherwise denied as phrased.

128.    Denied.

129.    Admitted.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

**VENUE**

137.    Admitted.

## FACTUAL ALLEGATIONS

138.    Defendants adopt and incorporate by reference their responses to all allegations incorporated herein.

139.    Without knowledge of these allegations and are therefore denied.

140.    Without knowledge of these allegations and are therefore denied.

141.    Without knowledge of these allegations and are therefore denied.

142.    Without knowledge of these allegations and are therefore denied.

143.    Without knowledge of these allegations and are therefore denied.

144.    Without knowledge of these allegations and are therefore denied.

145.    Denied.

146.    Denied.

147.    Admitted that Oliva was booked into the SCADC at that time, otherwise denied.

148.    Admitted that Armor Policy J-E-02 is a written document that speaks for itself, otherwise denied.

149.    Admitted that Armor Policy J-E-02 is a written document that speaks for itself, otherwise denied.

150.    Admitted that Armor Policy J-E-02 is a written document that speaks for itself, otherwise denied.

151.    Denied.

152.    Admitted that Nurse Claflin conducted the pre-booking screening of Oliva and described Oliva's behavior as "bizarre" and believed Oliva was either chemically impaired or had a mental illness, otherwise denied.

153.    Without knowledge of these allegations and are therefore denied.

154.    Admitted that the interview form speaks for itself and that Oliva was classified as a maximum custody level inmate, otherwise denied.

155.    Admitted.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Admitted that SCADC Policy IS-E-02.III is a written document that speaks for itself, otherwise denied.

168.    Admitted.

169.    Admitted that the Intake Screening is a written document that speaks for itself, otherwise denied.

170.    Admitted that the Intake Screening speaks for itself, otherwise denied.

171.    Admitted that the Intake Screening is a written document that speaks for itself, otherwise denied.

172.    Admitted that Cocke did not send Decedent to an Emergency Department for evaluation, otherwise denied.

173.    Admitted that Cocke did not enter an urgent referral in the Electronical Medical Record until November 6, 2023, otherwise denied.

174.    Admitted that SCADC Policy IS-E-02.IV is a written document that speaks for itself, otherwise denied.

175.    Denied.

176.    Denied.Same concerns as to all of these

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied as phrased.

182.    Denied as phrased.

183.    Without knowledge of these allegations and are therefore denied.

184.    Admitted only that the EMR speaks for itself, otherwise denied.

185.    Denied.

186.    Without knowledge of these allegations and are therefore denied.

187.    Without knowledge of these allegations and are therefore denied.

188.    Without knowledge of these allegations and are therefore denied.

189.    Denied.

190.    Without knowledge of these allegations and are therefore denied.

191.    Admitted as to first sentence, otherwise denied.

192.    Admitted that the EMR speaks for itself, otherwise denied.

193.    Denied.

194.    Admitted that the Refusal of Treatment Form is a written document that speaks for itself, otherwise denied.

195.    Denied.

196.    Denied. Admitted that the Refusal of Treatment Form is a written document that speaks for itself.

197.    Denied.

198.    Without knowledge of these allegations and they are therefore denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Admitted that the EMR speaks for itself, otherwise denied.

203.    Admitted that the Refusal of Treatment Form is a written document that speaks for itself, otherwise denied.

204.    Admitted that the EMR speaks for itself, otherwise denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied as phrased.

212.    Admitted that the Refusal of Treatment Form is a written document that speaks for itself, otherwise denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Admitted that the Refusal of Treatment Form is a written document that speaks for itself, otherwise denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Admitted that the Confinement Log is a written document that speaks for itself, otherwise denied.

232.    Admitted that the Refusal of Treatment Form is a written document that speaks for itself, otherwise denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Admitted that Decedent's treating psychiatrist was contacted by Armor Health of Shawnee County, otherwise denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied. Admitted that the Refusal of Treatment Form is a written document that speaks for itself.

252.    Without knowledge of this allegation and therefore denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Admitted that the Refusal of Treatment Form is a written document that speaks for itself, otherwise denied.

257.    Denied.

258.    Without knowledge of this allegation and therefore denied.

259.    Without knowledge of these allegations and are therefore denied.

260.    Without knowledge of these allegations and they are therefore denied.

261.    Without knowledge of these allegations and they are therefore denied.

262.    Denied.

263.    Denied.

264.    Without knowledge of this allegation and therefore denied.

265.    Without knowledge of these allegations and they are therefore denied.

266.    Without knowledge of these allegations and they are therefore denied.

267.    Without sufficient knowledge of these allegations and they are therefore denied.

268.    Without knowledge of these allegations and they are therefore denied.

269.    Without knowledge of these allegations and they are therefore denied.

270.    Admitted.

271.    Denied.

272.    Denied.

273.    Defendants adopt and incorporate by reference their responses to all allegations incorporated herein.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Without knowledge of these allegations and they are therefore denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

**CLAIMS FOR RELIEF**

**COUNT I**
**Cruel and Unusual Punishment in Violation of the Eighth and/or Fourteen**
**Amendments to the Constitution of the United States**
**(42 U.S.C. § 1983)**

290.    Defendants adopt and incorporate by reference their responses to all allegations incorporated herein.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Denied.

311.    Denied.

312.    Denied.

313.    Denied.

314.    Denied.

315.    Denied.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Denied.

328.    Denied.

329.    Denied.

330.    Denied.

331.    Denied.

332.    Denied.

333.    Denied.

334.    Denied.

335.    Denied.

## COUNT II

**Pendant State Claims Under 28 U.S.C. § 1367**
**Medical Negligence/Wrongful Death vs. Defendants Armor Health of Shawnee**
**County, Armor Health Management, Mariana Mack, M.D., Moore, Foster, Claflin,**
**Silber, Gumbel, Cocke, and Ritchie**

336.    Defendants adopt and incorporate by reference their responses to all allegations incorporated herein.

337.    Denied.

338.    Denied.

339.    Denied.

340.    Denied.

341.    Denied.

342.    Denied.

343.    Denied.

344.    Denied.

345.    Denied.

346.    Denied.

347.    Denied.

## COUNT III

### Alter Ego Liability vs. Armor Defendants

348.    Defendants adopt and incorporate by reference their responses to all allegations incorporated herein.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

353.    Denied.

354.    Denied.

355.    Denied.

356.    Denied.

357.    Denied.

358.    Admitted that the Defendants' balance sheet speaks for itself, otherwise denied.

359.    Admitted that the Defendants' balance sheet speaks for itself, otherwise denied.

360.    Admitted.

361.    Admitted.

362.    Admitted.

363.    Denied.

364.    Denied.

365.    Denied.

366.    Denied.

367.    Denied.

368.    Denied.

369.    Denied.

370.    Denied.

371.    Denied.


## COUNT IV

**Successor Liability vs. Defendant Enhanced Management Services**

372.    Defendants adopt and incorporate by reference their responses to all allegations incorporated herein.

373.    Denied.

374.    Admitted that the Petition speaks for itself, otherwise denied.

375.    Denied.

376.    Denied as phrased.

377.    Admitted that Manuel Fernadnez is a manager of EMS, otherwise denied.

378.    Denied.

379.    Denied.

380.    Admitted as to EMS's physical location, otherwise denied.

381.    Denied.

382.    Denied.

383.    Denied.

384.    Denied.

385.    Denied.

386.    Denied.

387.    Denied.

## COUNT V

### Negligence vs. defendants Board of Shawnee County Commissioners, Willier, and Addington

388.    Defendants adopt and incorporate by reference their responses to all allegations incorporated herein.

389.    Count IV does not allege claims against the Armor Defendants and the allegations in support thereof are therefore denied.

390.    Count IV does not allege claims against the Armor Defendants and the allegations in support thereof are therefore denied.

391.    Count IV does not allege claims against the Armor Defendants and the allegations in support thereof are therefore denied.

392.    Count IV does not allege claims against the Armor Defendants and the allegations in support thereof are therefore denied.

393.    Count IV does not allege claims against the Armor Defendants and the allegations in support thereof are therefore denied.

394.    Count IV does not allege claims against the Armor Defendants and the allegations in support thereof are therefore denied.

395.    Count IV does not allege claims against the Armor Defendants and the allegations in support thereof are therefore denied.

396.    Count IV does not allege claims against the Armor Defendants and the allegations in support thereof are therefore denied.

397.    Count IV does not allege claims against the Armor Defendants and the allegations in support thereof are therefore denied.

## AFFIRMATIVE DEFENSES

1.      As their first affirmative defense, the Armor Defendants would show that the Court lacks personal jurisdiction against all Armor Defendants except Armor Health of Shawnee County, LLC. These Armor Defendants are not subject to general personal jurisdiction in Kansas. Additionally, these Armor Defendants are not subject to specific personal jurisdiction in Kansas because they lack sufficient minimum contacts with Kansas and have not purposefully availed themselves of the privileges of conducting activities within Kansas. Finally, these Armor Defendants are not subject to personal jurisdiction through alter ego or corporate veil piercing liability. The Armor Defendants understand that the Court has held that the Armor Defendants have waived their personal jurisdiction defense. (ECF No. 169.) The Armor Defendants allege lack of personal jurisdiction to preserve the defense for appellate purposes and in the event they file a motion for reconsideration consistent with the Local Rules.

2.      As their second affirmative defense, the Armor Defendants would show that the Complaint fails to state a claim upon which relief may be granted. The Complaint suffers from "shotgun" pleading against multiple defendants without particularizing what each Defendant did that was wrong and actionable, when a particular defendant acted wrongfully, or how a particular Defendant acted wrongfully.

3.      As their third affirmative defense, the Armor defendants would show that the Armor Defendants were not deliberately indifferent to a serious medical need.

4.      As their fourth affirmative defense, the Armor Defendants would show that Plaintiffs' claims, if any, are for "negligence" arising out of the care and treatment rendered to a patient. Plaintiffs fail to assert a cause of action for medical malpractice. Armor Health of Shawnee

County's sole and only role at the jail was to provide medical care. The only theory on which recovery may be obtained is that of medical negligence.

5.      As their fifth affirmative defense, the Armor Defendants would show that Armor Health of Shawnee County's sole and only role at the jail was to provide medical care and this action arises out of the care and treatment rendered to a patient. Any negligent denial of medical care constitutes medical malpractice and the only proper cause of action is for medical malpractice.

6.      As their sixth affirmative defense, the Armor Defendants would show that Armor Health of Shawnee County acted in good faith at all times and are entitled to immunity.

7.      As their seventh affirmative defense, the Armor Defendants would show that the Plaintiffs failed to exhaust administrative remedies before filing this suit.

8.      As their eighth affirmative defense, the Armor Defendants would show that the Decedent himself may have been negligent with respect to his own wellbeing.

9.      As their ninth affirmative defense, the Armor Defendants would show that the Decedent's condition was the result of preexisting injury or natural disease progression beyond the control of, and unrelated to, the acts, omissions, or conduct of Armor Health of Shawnee County or the other Armor Defendants.

10.     As their tenth affirmative defense, the Armor Defendants would show that the Decedent's alleged injuries, death and/or damages were the result of and/or caused by superseding and/or intervening factors.

11.     As their eleventh affirmative defense, the Armor Defendants would show that the Decedent's alleged injuries, death and/or damages were the result of the negligence of third parties for whom the Armor Defendants have no right or obligation to control and on whose behalf they are not obligated to pay damages, including but not limited to Dr. Thomas Chafee; Shawnee

County Adult Detention Center; Corrections Officer Dustin Addington; Sergeant Shannon Addington; and Stormont Vail Hospital.

12.     As their twelfth affirmative defense, the Armor Defendants would show that, pursuant to K.S.A. 60-258a, the Plaintiffs' claims herein are barred or reduced by the comparative negligence of the Decedent and/or the comparative negligence of other persons or entities over whom the Armor Defendants had no control and for whom they are not responsible.

13.     As their thirteenth affirmative defense, the Armor Defendants would show that, the Plaintiffs' damages claims are limited by any and all applicable damage caps, including, but not limited to, K.S.A. 60-1903 and K.S.A. 60-19a02 and/or any other triggered or applicable damages cap under the Kansas Statutes.

14.     As their fourteenth affirmative defense, the Armor Defendants would show that the Plaintiffs are not entitled to pierce the corporate veil of or assert alter ego liability against any Armor Defendants.

15.     As their fifteenth affirmative defense, the Armor Defendants would show that the Plaintiffs are not entitled to assert successor liability over EMS or any other Armor Defendant.

16.     As their sixteenth affirmative defense, the Armor Defendants would show that the Armor Defendants are immune from liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

17.     As their seventeenth affirmative defense, the Armor Defendants would show that the Armor Defendants have derivative sovereign immunity.

18.     As their eighteenth affirmative defense, the Armor Defendants would show that the Plaintiffs' claims are barred by any of the affirmative defenses set forth in K.S.A. 60-208(c) to the extent applicable herein.

19.     As their nineteenth affirmative defense, the Armor Defendants would show that Plaintiffs' claims for punitive damages are unconstitutional under the Fifth, Sixth, Eighth, and Fourteenth Amendments.

20.     The Armor Defendants reserve the right to raise any other or further affirmative defenses that may arise or otherwise become apparent during the course of discovery.

## DEMAND FOR JURY TRIAL

The Armor Defendants demand a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

The Armor Defendants hereby designate Topeka, Kansas (where the Decedent was arrested, where the Shawnee County Detention Center is located, where the alleged injuries occurred, where the Decedent was housed, and where the witnesses reside) as the place of trial.

WHEREFORE, the Armor Defendants demand that judgment be entered in their favor and against the Plaintiffs on the merits, with prejudice, and with all fees, costs, and disbursements and any other relief that this Court deems fair and equitable.

Respectfully Submitted,

*/s/ David E. Larson*
David E. Larson, USDC KS Bar #70716
MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.
300 E. 39th Street, #LL1i
Kansas City, MO 64111
Phone: 816.753.6006
Fax:816.502.7898
delarson@martinpringle.com

Benjamin H. Brodsky, Esq., FBN 73748
(admitted *pro hac vice*)
Michael Fisher, Esq., FBN 1065238
(admitted *pro hac vice*)
Brodsky Fotiu-Wojtowicz, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33131
Tel:  305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
michael@bfwlegal.com
docketing@bfwlegal.com

*Attorneys for the Armor Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Court via the CM/ECF filing system on September 26, 2025, and notice to counsel of record was transmitted via the Court's electronic filing system.

/s/ *David E. Larson*__
David E. Larson