**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JAN BRANSON, individually as heir-at-law and as Special Administrator of the Estate of Matthew C. Oliva, et al.. | ) | |
| Plaintiffs, | ) | Case 25-cv-2025-KHV-ADM |
| v. | ) | |
| BOARD OF COUNTY COMMISSIONERS, SHAWNEE COUNTY, KANSAS d/b/a Shawnee County Adult Detention Center, et al. | ) | |
| Defendants. | ) | |

**MOTION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT AND ALLOCATION OF SETTLEMENT PROCEEDS**

COME NOW Plaintiff, Jan Branson, Individually, as Administrator of the Estate of Matthew C. Oliva, deceased, and Plaintiffs James Oliva and Bradford Oliva by and through their undersigned counsel, hereby moves this Court for approval of the settlements reached between the parties in the above captioned matter and allocation of the settlement proceeds related to such settlements. In support of their motion, plaintiffs state the following:

1. This is a Motion for Approval of the settlements reached between Jan Branson and James Oliva as the heirs-at law bringing this claim pursuant to K.S.A. § 60-1901 *et seq*. (collectively referred to as "Plaintiffs"), and Defendants Board of County Commissioners, Shawnee County, Kansas d/b/a Shawnee County Detention Center, et al[1] (collectively referred to as "Defendants"), related to the death of Matthew C. Oliva.

[1] Plaintiffs have entered into two separate settlement agreements. One with the "Shawnee County Defendants—which includes the Shawnee County Adult Detention Center, Heather Willier, and Shannon Addington—one with the Armor Defendants. The parties to the settlement agreement with the "Armor Defendants" specifically include: Armor Health of Shawnee County, LLC; Armor Health Holdings, LLC; Armor Health Management, LLC; Armor Correctional Healthcare Holdings, Inc.; Enhanced Management Services, LLC; Otto Campo; Jose Armas; Margaret Moore; Emily Foster; Mariana Mack; Kimberly Claflin; Dawn Siler; Heidi White; Samantha Richie; Cami Cocke; Cassandra Gumbel; current non-parties

2. This action has been brought by Plaintiffs alleging that Defendants were deliberately indifferent to Matthew Oliva's constitutional rights, and negligent with respect to the care and treatment of Mr. Oliva during his October 22, 2023, to November 5, 2023, detainment at the Shawnee County Adult Detention Center. Plaintiffs allege that such negligence and constitutional violations caused or contributed to cause Mr. Oliva's death. The amount of damages sought was in excess of $75,000.00.

3. Mr. Oliva died on November 17, 2023 and Plaintiffs have brought a cause of action for wrongful death pursuant to K.S.A. § 60-1901 *et seq*.

4. Defendants deny any and all alleged negligence or liability. Defendants further deny any liability under K.S.A. § 60-1901 *et seq*. and deny that Mr. Oliva's death was caused or contributed to by their actions or omissions.

5. Pursuant to K.S.A. § 59-507, the sole heirs of Matthew C. Oliva are Jan Branson, the mother of decedent and James Oliva, the father of decedent. Bradford Oliva, the only sibling of decedent, is also a Plaintiff in this matter.

6. Plaintiffs, through their attorneys of record, have fully investigated the facts and circumstances with respect to the personal injury and wrongful death of Matthew C. Oliva. After considering all of the facts and circumstances surrounding the claims and taking into account the risks of further litigation and the uncertainty surrounding the outcome of a trial, the petitioners, are of the opinion that settlement of the heirs and estate's claims for the injuries to and the wrongful death of Matthew C. Oliva as set forth in the settlement agreements—which will be introduced into evidence at the time of the Settlement Conference—is in the heirs' and estate's best interest.

---

Karen Hammond and Armor Health Administrative Services, LLC; and individuals covered under the operative Armor insurance policy.

7. Plaintiffs employed and retained Thomas J. Preuss, Shawn Foster and Andrew Clark of Preuss | Foster Law to pursue any and all claims for damages against those parties allegedly responsible for the injuries to and the wrongful death of Matthew C. Oliva. The attorney's contract in this case provided for the payment of a contingency fee on all sums recovered. The contract further called for the reimbursement of all expenses advanced and incurred in the preparation and prosecution of this claim. The amount of the contingent fee and expenses are included on the "Allocation of Settlement Proceeds," which will be offered into evidence at the time of the Settlement Conference.

8. Through their counsel, Plaintiffs have negotiated with representatives of Defendants with a view toward settlement of the claims asserted against Defendants. Defendants and their representatives have agreed that they will provide cash payments and fund periodic payments in the amounts set forth in the "Allocation of Settlement Proceeds," in full settlement of all claims, demands, and damages, whether known or unknown, accrued or accruing, which the heirs or estate at law now have or may hereafter acquire against them on account of the injuries and death of Mathew C. Oliva. Defendants deny any liability for the injuries sustained by the plaintiffs and/or decedent Matthew C. Oliva, but after taking into consideration the expense, delay and uncertainties of litigation, Defendants have entered into settlement agreements with Plaintiffs.

9. After full and complete investigation of the facts and circumstances with reference to the death and cause of death of decedent, Plaintiffs have become convinced and believe that the proposed settlements will be in the best interest of them, as the heirs at law of and the estate of Matthew C. Oliva.

10. Plaintiffs have been advised of the terms of the settlement reached and consent to same. They further consent to the proposed allocation of settlement proceeds as set forth in the "Allocation of Settlement Proceeds" to be offered into evidence at the time of the settlement approval hearing.

11. Plaintiffs understand that they have a right to a trial of their claims, and they are knowingly waiving such right.

12. Pursuant to the contract of employment, petitioner's attorneys have in fact represented the interests of the petitioner and the heirs at law of Matthew C. Oliva, by filing suit, conducting investigation including the retention and review of all medical records, engaging in written discovery, taking depositions, filing and responding to various motions, retaining expert witnesses, responding to all court requests, preparing the damages case, and negotiating the proposed settlement referenced herein. Petitioner states that the work performed by her attorneys, Thomas J. Preuss, Shawn Foster and Andrew Clark of Preuss | Foster have directly resulted in the proposed settlement referred to herein, and that the attorney employment agreement recited above induced such attorney to undertake representation of the plaintiffs. Plaintiffs respectfully state that it is in all respects reasonable and proper that such attorneys be paid fees calculated in accordance with the employment agreement for services rendered in regard to this claim and as set forth in the "Allocation of Settlement Proceeds."

WHEREFORE, petitioners, Plaintiffs, Jan Branson and James Oliva, pray for the following:

a. That the Court enter its Order deducting and paying from the confidential settlement proceeds the expenses of recovery and the attorney's fees as contracted in an amount which is contained within the "Allocation of Settlement Proceeds."

b. That the Court enter its Order determining that Plaintiffs, Jan Branson, James Oliva and Bradford Oliva are the sole heirs at law of Matthew C. Oliva and that all settlement proceeds, after subtraction of attorney's fees and expenses and after satisfaction of any liens or third party right of recovery, be paid as set forth in the amounts contained within the "Allocation of Settlement Proceeds."

c. That the Court enter its order finding that the settlement is proper and in the best interests of the parties and approving the same and that the terms of the settlement is a fair and reasonable compromise and settlement of all claims brought or which could have been brought arising out of the alleged personal injuries, death to and emotional suffering of plaintiffs and their decedent and by and on behalf of anyone who has sued or is entitled to sue or join in said claims against defendant and that the allocation of the settlement is fair and reasonable.

d. That the Court direct Plaintiffs to deliver executed Settlement Agreements and Releases holding defendants harmless from all liability on account of the occurrence described in this matter and the defendants to pay over the proceeds of settlement to the plaintiffs and their attorneys.

e. That the petitioners be authorized to immediately execute all documents necessary to reach a conclusion of this case including a dismissal with prejudice of the above captioned claim.

f. Such additional Orders as the court deems just and proper.

Respectfully Submitted By:

**PREUSS | FOSTER**

*/s/ Thomas J. Preuss*
Thomas J. Preuss, KS 21431
Shawn Foster, KS 19090
Andrew Clark, *Pro Hac Vice*
11141 Overbrook Rd. Suite 104
Leawood, KS 66211
Ph.: 816-307-2788
Fax:816-336-9705
Email: tjpreuss@pflaw.com
sfoster@pflaw.com
aclark@pflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2025, the above and foregoing document was transmitted via the court's electronic filing system, notifying all parties of record.

*/s/ Thomas J. Preuss*