# FINAL RELEASE, SETTLEMENT, AND CONFIDENTIALITY AGREEMENT

THIS FINAL RELEASE, SETTLEMENT, AND CONFIDENTIALITY AGREEMENT (the "Agreement") is entered into this ___ day of October, 2025 ("Effective Date"), by and between: (a) Jan Branson, James Oliva, and Bradford Oliva (hereinafter referred to as "Releasors"); and (b) Armor Health of Shawnee County, LLC; Armor Health Holdings, LLC; Armor Correctional Healthcare Holdings, Inc.; Enhanced Management Services, LLC; Otto Campo; Jose Armas; Margaret Moore; Emily Foster; Mariana Mack; Kimberly Claflin; Dawn Siler; Heidi White; Samantha Richie; Cami Cocke; Cassandra Gumbel; current non-parties Karen Hammond and Armor Health Administrative Services, LLC; and individuals covered under the operative Armor insurance policy (hereinafter referred to collectively as "Releasees" or the "Armor Defendants"), and the parties agree the Armor Defendants' respective employees, former employees, agents, former agents, nurses, aides, health care providers, independent contractors, assistants, administrators, representatives, shareholders, stockholders, directors, trustees, attorneys, officers, affiliate companies, parent companies, subsidiary companies, successor companies, insurance carriers, Board(s) of Governors, Chairman(s) of Board of Governors, re-insurers, trusts, and indemnity providers which are or may be liable for any settlement or judgment, are each express intended beneficiaries of this Agreement (hereinafter the "Express Beneficiaries") including specifically the releases contained herein.

The Board of County Commissioners, Shawnee County, Kansas is not a party to this Agreement.

1.    Releasors have made claims and filed a lawsuit alleging certain civil rights violations and negligent medical care and treatment to Matthew Oliva, pursuant to Case No. 25-225406

1

Plaintiff's Exhibit

2

cv-2025-KHV-ADM, filed in the United States District Court for the District of Kansas (the "Lawsuit").

2. Subject to the provisions set forth in Paragraph Seven (7), the parties, including Releasors and Releasees, intend by this Agreement to discharge any and all claims Releasors have, or may have, against Releasees and Express Beneficiaries, known or unknown, even if not reasonably discoverable or ascertainable, which Releasors now have or in the future may have, for any and all claims made or that could have been made related to the events at issue in the Lawsuit. The parties expressly intend Armor Health Management, LLC, f/k/a Armor Correctional Healthcare, Inc. to be considered one of the Releasees, but only for the purposes of receiving the release set forth in this Paragraphs Two, Three, Four, and Five (2, 3, 4, and 5) and the dismissal provisions set forth in Paragraph 24.

3. In consideration for the payments provided for in Paragraph Six (6), Releasors and any and all individuals claiming through Releasors, hereby release and forever discharge Releasees and Express Beneficiaries and each of their past, present, and future governors, officers, partners, general partners, limited partners, owners, directors, stockholders, shareholders, trustees, independent contractors, attorneys, agents, servants, representatives, employees, physicians, nurses, advanced practice registered nurses, mid-level providers, health care providers, aides, insurance carriers, subsidiaries, affiliates, predecessors and successors in interest, assigns, and all other persons, firms, or corporations with whom any of the former have been or may hereafter be affiliated, of and from any and all past, present or future claims, demands, obligations, actions, causes of action, claims, rights, damages, punitive damages, *Wentling* damages, costs, losses of consortium or service, expenses and compensation, which Releasors now have or which may hereafter accrue or otherwise be acquired, on account of or in any way arising out of the care

225406

2

provided to Matthew Oliva, including but not limited to any and all known or unknown claims for bodily injury, or personal injury of or to Matthew Oliva, which resulted or may have resulted from the alleged act(s) or omission(s) of the Releasees. This general release, on the part of the Releasors, shall be a fully binding and complete settlement between Releasors and Releasees, and their respective assigns and successors, relating to the health care provided to Matthew Oliva.

4.      Releasors acknowledge and agree that the general release set forth in the preceding paragraph is a full and general release as to Releasees and Express beneficiaries and expressly waive and assume the risk of any and all claims for damages which exist as of the date this Agreement is entered into, but, of which, Releasors do not know of or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which if known would materially affect Releasors' decision to enter into this Agreement. Releasors acknowledge they are executing this release following consultation with their chosen legal counsel.

5.      Releasors agree that they are accepting payment of the sums herein as a complete compromise from Releasees, of the matters involving disputed issues of law and fact, and Releasors assume the risk that the facts and law may be otherwise than they believe.

6.      As contemplated by this Agreement, and in exchange for a full release of any and all claims Releasors have against Releasees and Express Beneficiaries, Releasors shall receive the following consideration:

   a.  $3,000,000.00, payable as follows:

   i.  One lump sum payment of $1,500,000.00 to be received by Preuss Foster LLC and paid within thirty (30) days of the Court's approval of this settlement;

   ii. Periodic payments of $300,000.00 to be received by Preuss Foster LLC, on January 15, 2026, April 15, 2026, July 15, 2026, October 15, 2026, and January 15, 2027.

225406

3

b. There shall be no further payments by any party, to any other party, to this Agreement other than those set forth in Paragraph Seven (7).

7. The Releasees will be jointly and severally liable for treble damages of any missed payments specified in Paragraph Six (6), provided that Releasors provide written notice to the Releasees' counsel of record and Releasees are given seven (7) days to cure the missed payment.

8. The parties expressly acknowledge and agree that the Releasees' insurers, including Certain Underwriters at Lloyd's, London and non-Lloyd's London insurers AXA XL Insurance Company UK Limited, Chaucer Insurance Company DAC (CIC), and Hamilton Insurance DAC, each for their own and not for the other, severally and not jointly, subscribing to policy no. B0713GLOPR2302431 or B0713GLHEA2500132 or any other policy issued to any Releasee, and any other insurer, re-insurer, trust, or indemnity provider, shall have no obligation or responsibility to pay any treble damages assessed under Paragraph Seven (7). Any such treble damages, along with related attorneys' fees and costs, shall be paid solely and personally by the Releasees.

9. By making the payments specified in Paragraph Six (6) of this Agreement, the Armor Defendants do not admit to any wrongdoing related to the alleged civil rights violations or allegedly negligent medical care of Matthew Oliva.

10. The Armor Defendants deny liability or wrongdoing related to any alleged civil rights violations or any alleged negligent medical care of Matthew Oliva. It is further understood and agreed that Releasors jointly and severally agree to indemnify and hold harmless Releasees and Express Beneficiaries and each of them, of and from any and all liability, actions, judgments or demands arising from or in any way connected to or with any subrogation claims, liens or statutory liens (federal or state, specifically included but not limited to Medicare liens for conditional payments

225406

4

or Medicaid liens or any other lien which may be made or asserted in the future against the payments described herein or may ultimately be provided in the future) for any compensation or medical payments due or claimed to be due now or hereinafter, or paid under any law (state or federal), regulation (including but not limited to 42 C.F.R. Sec. 411.24, et seq.), or contract arising as a result of or pertaining in any way to the matters referred to in this Release. Releasors also agree to waive any and all potential/future claims against Releasees and Express Beneficiaries, and each of them, arising out of any state or federal statute relating to medical care payments, including, but not limited to, any and all potential/future claims pursuant to VMSPA, 42 U.S.C. Sec. 1395y(b), et seq.

11. The Parties agree as part of the consideration for the sums payable under this Agreement, that the terms of this settlement and all negotiations concerning this settlement shall be and will remain absolutely confidential and shall not be disclosed by the Parties, the Parties' family, the Parties' attorney or any members or employees of the attorney's firm, to any person, firm, corporation, entity, media or the internet. If asked how the case was concluded, they shall respond by saying that the matter has been resolved. The Parties further agree that the names or identities of the Parties released and the sums payable shall not be disclosed unless required by law. This Agreement does not apply to preclude the Armor Defendants from making any disclosure required by law or as part of any application for professional privileges, credentialing, participation in health insurance plans, or professional liability insurance, nor does it preclude the Kansas Health Care Stabilization Fund from making disclosure as required by law.

12.    Each party hereto shall bear their own attorneys' fees and expenses arising from the actions of their/its own counsel in connection with Releasors' Amended Complaint, this Agreement, and the matters and documents relating hereto. Releasors' counsel agrees to release

225406

5

Releasees and Express Beneficiaries, including their successors and assigns, from any and all attorneys' liens which may exist.

13.    This Agreement contains the entire agreement between Releasors and Releasees, and any and all parties claiming through the same, with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, successors and assigns, partners, general partners, limited partners, owners, spouses, heirs, shareholders, or stockholders of each.

14.    This Agreement has been negotiated by the parties through their respective counsel. Releasors warrant, represent, and agree that they are not relying on the advice of Preuss Foster, or anyone associated with them, as to the income tax or other consequences of this Agreement.

15.    All remedies at law or in equity shall be available for the enforcement of this Agreement. This Agreement may be pleaded as a full bar to the enforcement of any claims Releasors, or anyone making a derivative claim through Releasors, have or may have against Releasees or Express Beneficiaries, arising out of the claims asserted (or which could have been asserted) against the Releasees.

16.    This Agreement is contractual and not a mere matter of recital.

17.    If, after the date hereof, any provision or paragraph of this Agreement is held to be illegal, invalid, or unenforceable under present or future laws, such provision shall be fully severable. In lieu thereof, there shall be added a provision as similar in terms to such illegal, invalid, and unenforceable provision as may be possible and be legal, valid, and enforceable.

18.    This Agreement shall not be modified or amended except by an instrument in writing signed by all the parties to this release.

225406

6

19.    Releasors agree they will not, directly, or indirectly, individually or through anyone acting on their behalf, make any negative or disparaging statement against Releasees, maligning, ridiculing, defaming, or otherwise speaking ill of the Armor Defendants in any form or medium (including but not limited to orally, in writing, on social media, internet, or to the press/media).

20.    This Agreement has been jointly prepared by the parties, and all parties had input into its content before execution.

21.    Each party to this Agreement expressly acknowledges and agrees that they have the legal standing and authority to enforce this Agreement and to pursue any and all remedies available at law or in equity, including but not limited to filing a lawsuit, for any breach of this Agreement by the other party. In the event of a breach, the non-breaching party shall have the right to seek damages, injunctive relief, specific performance, or any other appropriate legal or equitable remedy, without prejudice to any other rights or remedies available under this Agreement or applicable law. The parties agree that the law firm of Preuss Foster LLC has the legal standing and authority to enforce this Agreement and to pursue any and all remedies available at law or in equity, including but not limited to filing a lawsuit, for any breach of this Agreement by the other party.

22.    Any issues arising from or related to this Agreement will be governed and controlled by Kansas law.

23.    All parties to this Agreement expressly waive any and all objections to personal jurisdiction in any action or proceeding arising out of or relating to the enforcement of this Agreement. Each party hereby irrevocably consents and submits to the personal jurisdiction of the state and federal courts located in the State of Kansas for any such action or proceeding. The parties agree that any legal action to enforce this Agreement shall be brought exclusively in the state courts

225406

7

of Kansas or in the United States Direct Court for the District of Kansas, and each party waives any claim that such courts are an inconvenient forum or lack jurisdiction over them.

24.    Releasors shall dismiss all individual Releasees, except Otto Campo and Jose Armas, without prejudice prior to Court approval of the wrongful death settlement[1]. Upon payment of the initial $1,500,000.00 lump sum payment specified in Paragraph 6(a)(i), Releasors agree to dismiss Case No. 25-cv-2025-KHV-ADM, pending in the United States District Court for the District of Kansas, with prejudice against all Releasees.

This Agreement is effective as of the _____ day of October, 2025.

IN WITNESS WHEREOF, the undersigned have executed this Release, Settlement, and Confidentiality Agreement.

Dated: Oct 20, 2025

JAN BRANSON, individually as heir-at-law and as Special Administrator of the Estate of Matthew C. Oliva

Dated: Oct 21 2025

JAMES OLIVA, Individually as surviving heir-at-law of Matthew C. Oliva, deceased

Dated: Oct 20, 2025

BRADFORD OLIVA, Individually as surviving heir-at-law of Matthew C. Oliva, deceased

Dated: _____

Authorized Representative of Defendants Armor Health of Shawnee County, LLC;

---

[1] For clarity—the individual Releasees to be dismissed without prejudice includes Margaret Moore, Emily Foster, Mariana Mack, Kimberly Claflin, Dawn Siler, Heidi White, Samantha Richie, Cami Cocke, Cassandra Gumbel, and current non-party Karen Hammond.

225406

8

of Kansas or in the United States Direct Court for the District of Kansas, and each party waives any claim that such courts are an inconvenient forum or lack jurisdiction over them.

24.    Releasors shall dismiss all individual Releasees, except Otto Campo and Jose Armas, without prejudice prior to Court approval of the wrongful death settlement[1]. Upon payment of the initial $1,500,000.00 lump sum payment specified in Paragraph 6(a)(i), Releasors agree to dismiss Case No. 25-cv-2025-KHV-ADM, pending in the United States District Court for the District of Kansas, with prejudice against all Releasees.

This Agreement is effective as of the _____ day of October, 2025.

IN WITNESS WHEREOF, the undersigned have executed this Release, Settlement, and Confidentiality Agreement.

Dated: _____

_____
JAN BRANSON, individually as heir-at-law and as Special Administrator of the Estate of Matthew C. Oliva

Dated: _____

_____
JAMES OLIVA, Individually as surviving heir-at-law of Matthew C. Oliva, deceased

Dated: _____

_____
BRADFORD OLIVA, Individually as surviving heir-at-law of Matthew C. Oliva, deceased

_____
Otto Campo (Oct 22, 2025 15:18:27 EDT)

Dated: _____

_____
Authorized Representative of Defendants Armor Health of Shawnee County, LLC;

---

[1] For clarity – the individual Releasees to be dismissed without prejudice includes Margaret Moore, Emily Foster, Mariana Mack, Kimberly Claflin, Dawn Siler, Heidi White, Samantha Richie, Cami Cocke, Cassandra Gumbel, and current non-party Karen Hammond.

225406

8

Armor Health Holdings, LLC; Armor Health Management, LLC; Armor Correctional Healthcare Holdings, Inc.; Enhanced Management Services, LLC; and current non-party Armor Health Administrative Services

Dated: _____

Otto Campo (Oct 22, 2025 15:18:27 EDT)

Defendant Otto Campo or Authorized Representative of Otto Campo

Dated: _____

Defendant Jose Armas or Authorized Representative of Jose Armas

Dated: 10.21.25

Defendant Margaret Moore or Authorized Representative of Margaret Moore

Dated: _____

Defendant Emily Foster or Authorized Representative of Emily Foster

Dated: _____

Defendant Mariana Mack or Authorized Representative of Mariana Mack

Dated: _____

Defendant Kimberly Claflin or Authorized Representative of Kimberly Claflin

Dated: _____

Defendant Dawn Siler or Authorized Representative of Dawn Siler

Dated: _____

Defendant Heidi White or Authorized Representative of Heidi White

Dated: _____

Defendant Samantha Richie or Authorized Representative of Samantha Richie

Dated: _____

Defendant Cami Cocke or Authorized Representative of Cami Cocke

225406

9

Armor Health Holdings, LLC; Armor Health Management, LLC; Armor Correctional Healthcare Holdings, Inc.; Enhanced Management Services, LLC; and current non-party Armor Health Administrative Services

Dated: _____

_____
Defendant Otto Campo or Authorized Representative of Otto Campo

Dated: Oct 21, 2025

_____
Defendant Jose Armas or Authorized Representative of Jose Armas

Dated: 10.21.25

*Margaret Moore*
Defendant Margaret Moore or Authorized Representative of Margaret Moore

Dated: _____

_____
Defendant Emily Foster or Authorized Representative of Emily Foster

Dated: _____

_____
Defendant Mariana Mack or Authorized Representative of Mariana Mack

Dated: _____

_____
Defendant Kimberly Claflin or Authorized Representative of Kimberly Claflin

Dated: _____

_____
Defendant Dawn Siler or Authorized Representative of Dawn Siler

Dated: _____

_____
Defendant Heidi White or Authorized Representative of Heidi White

Dated: _____

_____
Defendant Samantha Richie or Authorized Representative of Samantha Richie

Dated: _____

_____
Defendant Cami Cocke or Authorized Representative of Cami Cocke

225406

9

Armor Health Holdings, LLC; Armor
Correctional Healthcare Holdings, Inc.;
Enhanced Management Services, LLC; and
current non-party Armor Health
Administrative Services

Dated: _____

_____
Defendant Otto Campo or Authorized
Representative of Otto Campo

Dated: _____

_____
Defendant Jose Armas or Authorized
Representative of Jose Armas

Dated: _____

_____
Defendant Margaret Moore or Authorized
Representative of Margaret Moore

Dated: 18/21/25

_____
Defendant Emily Foster or Authorized
Representative of Emily Foster

Dated: _____

_____
Defendant Mariana Mack or Authorized
Representative of Mariana Mack

Dated: _____

_____
Defendant Kimberly Claflin or Authorized
Representative of Kimberly Claflin

Dated: _____

_____
Defendant Dawn Siler or Authorized
Representative of Dawn Siler

Dated: _____

_____
Defendant Heidi White or Authorized
Representative of Heidi White

Dated: _____

_____
Defendant Samantha Richie or Authorized
Representative of Samantha Richie

Dated: _____

_____
Defendant Cami Cocke or Authorized
Representative of Cami Cocke

225406

9

Armor Health Holdings, LLC; Armor Health Management, LLC; Armor Correctional Healthcare Holdings, Inc.; Enhanced Management Services, LLC; and current non-party Armor Health Administrative Services

Dated: _____

_____
Defendant Otto Campo or Authorized Representative of Otto Campo

Dated: _____

_____
Defendant Jose Armas or Authorized Representative of Jose Armas

Dated: 10.21.25

_Margaret Moore_
Defendant Margaret Moore or Authorized Representative of Margaret Moore

Dated: _____

_____
Defendant Emily Foster or Authorized Representative of Emily Foster

Dated: 10/22/2025

_____
Defendant Mariana Mack or Authorized Representative of Mariana Mack

Dated: _____

_____
Defendant Kimberly Claflin or Authorized Representative of Kimberly Claflin

Dated: _____

_____
Defendant Dawn Siler or Authorized Representative of Dawn Siler

Dated: _____

_____
Defendant Heidi White or Authorized Representative of Heidi White

Dated: _____

_____
Defendant Samantha Richie or Authorized Representative of Samantha Richie

Dated: _____

_____
Defendant Cami Cocke or Authorized Representative of Cami Cocke

225406

9

Armor Health Holdings, LLC; Armor
Correctional Healthcare Holdings, Inc.;
Enhanced Management Services, LLC; and
current non-party Armor Health
Administrative Services

Dated: _____

_____
Defendant Otto Campo or Authorized
Representative of Otto Campo

Dated: _____

_____
Defendant Jose Armas or Authorized
Representative of Jose Armas

Dated: _____

_____
Defendant Margaret Moore or Authorized
Representative of Margaret Moore

Dated: _____

_____
Defendant Emily Foster or Authorized
Representative of Emily Foster

Dated: _____

_____
Defendant Mariana Mack or Authorized
Representative of Mariana Mack

Dated: October 23, 2025

_____
Defendant Kimberly Claflin or Authorized
Representative of Kimberly Claflin

Dated: October 23, 2025

_____
Defendant Dawn Siler or Authorized
Representative of Dawn Siler

Dated: October 23, 2025

_____
Defendant Heidi White or Authorized
Representative of Heidi White

Dated: October 23, 2025

_____
Defendant Samantha Richie or Authorized
Representative of Samantha Richie

Dated: October 23, 2025

_____
Defendant Cami Cocke or Authorized
Representative of Cami Cocke

225406

9

Dated: __October 23, 2025__

_____

Defendant Cassandra Gumbel or Authorized
Representative of Cassandra Gumbel

Dated: _____

_____

Current non-party Karen Hammond or
Authorized Representative of Karen
Hammond

225406

10

Dated: _____

Dated: 10/22/25

_____
Defendant Cassandra Gumbel or Authorized
Representative of Cassandra Gumbel

_____
Current non-party Karen Hammond or
Authorized Representative of Karen
Hammond

225406

10